FILE #: 21080

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CHARLES MILLER, JR.

                Plaintiff(s),

   -against-

NASSAU COUNTY, NASSAU COUNTY
DEPARTMENT OF CORRECTIONS, "JOHN" BLAEL,
first name fictitious, intended being that of correction
officer, "JAMES" COWEN, first name fictitious, intended
being that of correction officer, BRIAN E. ZIMMERMAN,
BYRON K. ROBERTSON, CHRISTOPHER J. INGRAM,
EDIN B. CARPIO and JAMES MCGANN,

                Defendant(s)
-----------------------------------------------------------X

**VERIFIED COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

**CV 13 - 6813**

**FEUERSTEIN, J.**

       Plaintiff, complaining of the defendants by attorney upon information and belief, respectfully allege(s):

### AS AND FOR A FIRST CAUSE OF ACTION IN BEHALF OF PLAINTIFF CHARLES MILLER, JR

    1.    That at all the times herein mentioned, the plaintiff CHARLES MILLER, JR., was a domiciliary of the State of New York, who on November 9, 2012, April 7, 2013 and April 16, 2013, was a resident inmate of Nassau County Corrections 100 Carmen Avenue, East Meadow, New York 11554.

    2.    That at all the times herein mentioned, the plaintiff CHARLES MILLER, JR., is a domiciliary of the State of New York residing in the custody of Downstate Correctional Facility, 121 Red Schoolhouse Road, P.O., Fishkill, NY 112524-044.

    3.    That the amount in controversy in this action exceeds ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, exclusive of interest and costs.

4.      That at all the times herein mentioned the defendant NASSAU COUNTY, hereinafter referred to as "NASSAU," was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

5.      That at all the times herein mentioned the defendant NASSAU COUNTY DEPARTMENT OF CORRECTIONS, hereinafter referred to as "NCDOC," was and still is a public benefit corporation, duly organized and existing under and by virtue of the laws of the State of New York.

6.      That at all the times herein mentioned, the defendant "JOHN" BLAEL, first name fictitious, intended being that of corrections officer, Badge # 2797,was and still is a corrections officer employed by defendant NASSAU and NCDOC.

7.      That at all the times herein mentioned, the defendant "JAMES" COWEN, first name fictitious, intended being that of corrections officer, BADGE # 98, was and still is a corrections officer employed by defendant NASSAU and NCDOC.

8.      That at all the times herein mentioned, the defendant BRIAN E. ZIMMERMAN, BADGE # 56, was and still is a corrections officer employed by defendants NASSAU and NCDOC.

9.      That at all the times herein mentioned, the defendant BYRON K. ROBERTSON, BADGE # 109, was and still is a corrections officer employed by defendants NASSAU and NCDOC.

10.     That at all the times herein mentioned, the defendant CHRISTOPHER J. INGRAM, BADGE # 2610, was and still is a corrections officer employed by defendants NASSAU and NCDOC.

11.     That at all the times herein mentioned, the defendant EDIN B. CARPIO, Badge # 3003, was and still is a corrections officer employed by defendants NASSAU and NCDOC.

12.     That at all the times herein mentioned, the defendant JAMES MCGANN, Badge # 116, was and still is a corrections officer employed by defendants NASSAU and NCDOC.

13.     That notice of plaintiff's claim and notice of intention to sue and of the time when and the place where the injuries alleged herein were incurred and sustained was duly filed by the plaintiffs with the Corporation Counsel of the defendant NASSAU and with the Comptroller of the defendant NASSAU and with the Legal Department of the defendant NCDOC and upon the defendants "JOHN" BLAEL, first name fictitious, intended being that of corrections officer, "JAMES" COWEN, first name fictitious, intended being that of corrections officer, BRIAN E. ZIMMERMAN, BYRON K. ROBERTSON, CHRISTOPHER J.  INGRAM, EDIN B. CARPIO and JAMES MCGANN, within 90 days after the cause of action herein accrued.

14.     That pursuant to notice give by the defendants a hearing was held.

15.     That more than 30 days have elapsed since the demand for claim upon which this action was founded was presente to the Comptroller of the defendants NASSAU and the Legal Department of the defendant NCDOC, for adjustment and that they have neglected and refused to make adjustment or payment thereof for said period of 30 days after such presentation, and that this action is commenced within one year after the cause of action accrued.

16.     That at all the times herein mentioned, defendants "JOHN" BLAEL, first name fictitious, intended being that of corrections officer, "JAMES" COWEN, first name fictitious, intended being that of corrections officer, BRIAN E. ZIMMERMAN, BYRON K. ROBERTSON, CHRISTOPHER J.  INGRAM, EDIN B. CARPIO and JAMES MCGANN, are hereinafter referred to as Corrections Officers.

17.     That defendant Corrections Officers did verbally and physically abuse plaintiff and did commit an assault and battery upon plaintiff while he was incarcerated and in the custody of the defendant Correction Officers, causing severe personal injuries, and serious bodily harm.

18.     That the aforesaid acts of defendant Corrections Officers were willful, intentional and unwarranted and without any just cause or provocation.

19.     That at all times herein mentioned, and specifically on the 11/9/2012, April 7, 2013 and April 16, 2013, defendant Corrections Officers, were on duty as corrections officers for defendants NASSAU and NCDOC.

20.     That at all the times herein mentioned, and specifically 11/9/2012, April 7, 2013 and April 16, 2013, defendant Corrections Officers, were in uniform as corrections officers for defendants NASSAU and NCDOC.

21.     That at all the times herein mentioned, and specifically 11/9/2012, April 7, 2013 and April 16, 2013, defendant Corrections Officers were acting within the scope of their employment as corrections officers for defendants NASSAU and NCDOC.

22.     That the defendants NASSAU, NCDOC and Corrections Officers, their agents, servants and/or employees were negligent in performing their duties; in failing to protect plaintiff from actual and imminent harm, in hiring and/or retaining in its employ personnel who are violent and/or possess violent propensities, persons, who would assault and commit battery on law abiding individuals; in failing to adequately train and supervise its personnel; in causing, allowing and/or permitting unwarranted use of force against plaintiff; and in causing, allowing or permitting its personnel to improperly effectuate arrest, all in violation of statutes, ordinances and regulations.

23.     That at all the times herein mentioned, the actions of the defendant Corrections Officers were negligent and not in accordance with proper procedures and regulations.

24.     That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental

anguish and suffering; has become and still continues to be sick, sore, and still continues to be

sick, sore, lame and disabled; has been as he has been informed and verily believes, permanently

injured; has incurred and will incur great expense for medical care and attention; has been and

will be prevented from attending to his usual duties; vocation and avocation for such period of

time in all to his damages both compensatory and exemplary in an amount which exceeds the

jurisdictional limits of all lower courts which would otherwise have jurisdiction and which

warrants the jurisdiction of this Court.

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF CHARLES MILLER JR.,

25.     Plaintiff repeats and realleges each and every allegation of the preceding cause

of action as if fully set forth herein at length.

26.     That on or about 11/9/2012, April 7, 2013 and April 16, 2013, the defendant

Corrections Officers, did verbally, physically, intentionally, maliciously and deliberately abuse

the plaintiff , with neither provocation nor privilege, and did commit an assault and battery upon

plaintiff , causing severe personal injuries and serious and permanent bodily harm to the plaintiff

.

27.     That by reason of the foregoing, the said plaintiff was caused to sustain serious,

harmful and permanent injuries; has been and will be caused great pain, shock, and mental

anguish and suffering; has become and still continues to be sick, sore, and still continues to be

sick, sore, lame and disabled; has been as he has been informed and verily believes, permanently

injured; has incurred and will incur great expense for medical care and attention; has been and

will be prevented from attending to his usual duties; vocation and avocation for such period of

time in all to his damages both compensatory and exemplary in an amount which exceeds the

jurisdictional limits of all lower courts which would otherwise have jurisdiction and which

warrants the jurisdiction of this Court.

AS AND FOR A THIRD CAUSE OF ACTION
IN BEHALF OF PLAINTIFFCHARLES MILLER JR.,

28.     Plaintiff repeats and realleges each and every allegation of the preceding cause of

action as if fully set forth herein at length.

29.     That or about 11/9/2012, April 7, 2013 and April 16, 2013, the defendant

Corrections Officers, were negligent in causing and allowing and/or permitting his body or parts

thereof to come in contact with the person of the plaintiff in such a manner as to cause severe

personal injuries and serious and permanent bodily harm to the plaintiff.

30.     That by reason of the foregoing, the said plaintiff was caused to sustain serious,

harmful and permanent injuries; has been and will be caused great pain, shock, and mental

anguish and suffering; has become and still continues to be sick, sore, and still continues to be

sick, sore, lame and disabled; has been as he has been informed and verily believes, permanently

injured; has incurred and will incur great expense for medical care and attention; has been and

will be prevented from attending to his usual duties; vocation and avocation for such period of

time in all to his damages both compensatory and exemplary in an amount which exceeds the

jurisdictional limits of all lower courts which would otherwise have jurisdiction and which

warrants the jurisdiction of this Court.

AS AND FOR A FOURTH CAUSE OF ACTION
IN BEHALF OF PLAINTIFF CHARLES MILLER JR.,

31.     Plaintiff repeats and realleges each and every allegation of the preceding cause of

action as if fully set forth herein at length.

32.     That on or about 11/9/2012, April 7, 2013 and April 16, 2013, the defendants

feloniously assaulted the plaintiff, while plaintiff was incarcerated and in the custody of the

defndants.

33. That while the plaintiff CHARLES MILLER JR was in the custody of the defendant Corrections Officers, defendant Corrections Officers acted maliciously and wrongfully and improperly and with intent to injure the plaintiff and with reckless disregard of the safety of the plaintiff.

34 That at the time of the aforementioned verbal, physical, intentional, malicious and deliberately abuse and assault and battery of the plaintiff, the defendant Corrections Officers, were employees of the defendants and were acting as the defendants' agents in doing the acts complained of herein and was acting within the scope of their authority and while they were acting or attempting to be acting in the defendants' interest.

35. That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, and still continues to be sick, sore, lame and disabled; has been as she has been informed and verily believes, permanently injured; has incurred and will incur great expense for medical care and attention; has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to his damages both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

AS AND FOR A FIFTH CAUSE OF ACTION
IN BEHALF OF PLAINTIFF CHARLES MILLER JR.,

36. Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

37. That the plaintiff CHARLES MILLER JR., was incarcerated and in the custody of the defendant Correction Officers and was held in the detention facilities and cells of the

Defendants, their agents servants and/or employers

38      As a result of the assault, battery which the plaintiff suffered, plaintiff's health was impaired, plaintiff suffered great mental distress, were incurred to secure his release.

39.     That by reason of the foregoing, the said plaintiff was caused to sustain serious, harmful and permanent injuries; has been and will be caused great pain, shock, and mental anguish and suffering; has become and still continues to be sick, sore, and still continues to be sick, sore, lame and disabled; has been as she has been informed and verily believes, permanently injured; has incurred and will incur great expense for medical care and attention; has been and will be prevented from attending to his usual duties; vocation and avocation for such period of time in all to his damages both compensatory and exemplary in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

### AS AND FOR A SIXTH CAUSE OF ACTION
### IN BEHALF OF PLAINTIFF CHARLES MILLER JR.,

40.     Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

41.     That on or about 11/9/2012, April 7, 2013 and April 16, 2013, the defendants' acts constituted a willful and wanton disregard of the safety and Civil and constitutional rights of the plaintiff.

42.     Upon information and belief, the civil rights violation by defendants Corrections Officers, deprived plaintiff of his rights, liberties and freedoms under color of State law in violation of 42 U.S.C Section 1983 as well as other applicable statutes, rules, regulations and laws.

43.     As a further result of the deprivation of plaintiff CHARLES MILLER, JR.'s right

to be free from the deprivation of rights guaranteed to them by the Fourteenth Amendment to the United States Constitution and all other statutes, rules, regulations and laws as well as the physical damage done to plaintiff by defendants Corrections Officers, plaintiff was caused to suffer injury and damage both mentally and physically, severe nervous shock, pain and suffering, psychological and emotional disturbances, abusive treatment, verbal assault and abuse, put in imminent fear of life and limb, harassment, negligent and intentional infliction of emotional distress.

44.     On or about 11/9/2012, in violation of the rights, privileges and immunities guaranteed to plaintiff under the Fourteenth amendment to the United States Constitution and under the color of the State law, the corrections officers and each of them, acting individually and in concert, in violation of 42 U.S.C Section 1983, while on duty, violated plaintiff's Civil Rights, intentionally and negligently inflicted emotional distress on plaintiff, and harassed plaintiff.

45.     On or about 4/7/2013, in violations of the rights, privileges and immunities guaranteed to plaintiff under the color of the State law, Corrections Officer CHRISTOPHER J. INGRAM, Badge # 2610, acting individually and in concert, in violation of 42 U.S.C Section 1983, while on duty, violated plaintiff's Civil Rights, intentionally and repeatedly assaulted, battered, harrassed and negligently inflicted emotional distress on plaintiff.

46.     On or about 4/16/2013, in violations of the rights, privileges and immunities guaranteed to plaintiff under the color of the State law, Corrections Officer CHRISTOPHER J. INGRAM, Badge # 2610, acting individually, in violation of 42 U.S.C Section 1983, while on duty, violated plaintiff's Civil Rights, intentionally and repeatedly assaulted, battered, harrassed and negligently inflicted emotional distress on plaintiff.

47.     On or about 4/7/2013, in violations of the rights, privileges and immunities guaranteed to plaintiff under the color of the State law, Corrections Officer EDIN B. CARPIO, Badge # 3003, acting individually and in concert, in violation of 42 U.S.C Section 1983, while on duty, violated plaintiff's Civil Rights, intentionally and repeatedly assaulted, battered, harrassed and negligently inflicted emotional distress on plaintiff.

48.     On or about 4/7/2013, in violations of the rights, privileges and immunities guaranteed to plaintiff under the color of the State law, Corrections Officer JAMES MCGANN, Badge # 116, acting individually and in concert, in violation of 42 U.S.C Section 1983, while on duty, violated plaintiff's Civil Rights, intentionally and repeatedly assaulted, battered, harrassed and negligently inflicted emotional distress on plaintiff.

49.     The force used by the defendants was excessive, unnecessary, unwarranted, violent, and violated plaintiff's rights under 42 U.S.C. Section 1983.

50.     That by reason of the foregoing, plaintiff demands punitive damages against defendants herein in an amount which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## IN BEHALF OF PLAINTIFF CHARLES MILLER JR.,

51.     Plaintiff repeats and realleges each and every allegation of the preceding cause of action as if fully set forth herein at length.

52.     That the aforementioned assault and battery by defendant Corrections Officers, upon the plaintiff, while in the employ of defendants NASSAU and NCDOC, was intentional, willful, wanton, vicious and with malice.

53.     That by reason of the foregoing, plaintiff demands punitive damages against defendants herein in an amount which exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

AS AND FOR A EIGHTH CAUSE OF ACTION
IN BEHALF OF PLAINTIFF CHARLES MILLER JR.

54.    Plaintiff repeats and realleges each and every allegation of the preceding cause of
action as if fully set forth herein at length.

55.    That the defendants NASSAU, NCDOC and Corrections Officers, their agents,
servants and/or employees were negligent in performing their duties; in failing to protect plaintiff
from actual and imminent harm, in hiring and/or retaining in its employ personnel who are
violent and/or possess violent propensities, persons, who would assault and commit battery on
law abiding individuals.

56.    That at all the times herein mentioned, the actions of the defendant Corrections
Officers were negligent and not in accordance with proper procedures and regulations.

57.    That on or about 11/9/2012, April 7, 2013 and April 16, 2013, the defendants'
acts constituted an willful and wanton disregard of the safety and civil and constitutional rights
of the plaintiff .

58.    That by reason of the foregoing, plaintiff demands punitive damages against
defendants herein in an amount which exceed the jurisdictional limits of all lower courts which
would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

WHEREFORE, the plaintiff(s) demands judgment against the defendants on the FIRST
Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and
which warrants the jurisdiction of this Court; plaintiffs demands judgment against the defendants
on the SECOND Cause of Action in an amount which exceeds the jurisdictional limits of all
lower courts and which warrants the jurisdiction of this Court, plaintiffs demands judgment
against the defendants on the THIRD Cause of Action in an amount which exceeds the
jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court;

plaintiffs demands judgment against the defendants on the FOURTH Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court; plaintiffs demands judgment against the defendants on the FIFTH Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court; plaintiffs demands judgment against the defendants on the SIXTH Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court; plaintiffs demands judgment against the defendants on the SEVENTH Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court; plaintiffs demands judgment against the defendants on the EIGHTH Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts and which warrants the jurisdiction of this Court; together with the costs and disbursements of each cause of action.

Yours, etc.

HERBERT S. SUBIN, ESQ., (5499HSS)
FOR:  SUBIN ASSOCIATES, LLP
Attorney for Plaintiff
150 Broadway, 23rd floor
New York, New York 10038
(212) 285-3800

STATE OF NEW YORK)
COUNTY OF NEW YORK)

The undersigned, an attorney, admitted to practice in the Courts of the State of New York. The undersigned affirms that the following statements are true under the penalties of perjury.

That deponent is associated with the attorney for the plaintiff in the within action; that deponent has read the foregoing **COMPLAINT** and knows the contents thereof; that same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true. Deponent further says that the reason this verification is made by deponent and not by plaintiff is that plaintiff resides outside of the County where your deponent holds his office.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Information and investigation in the file.

DATE: NEW YORK, NEW YORK
           November 22, 2013,

_____
**HERBERT S. SUBIN, ESQ.**

Index No.
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

CHARLES MILLER, JR.

                              Plaintiff(s),

            -against-

 THE COUNTY OF NASSAU, "JOHN" BLAEL, first name fictitious, intended being that of
police officer, "JAMES" COWEN, first name fictitious, intended being that of police officer,
BRIAN E. ZIMMERMAN, BYRON K. ROBERTSON, CHRISTOPHER J. INGRAM, EDIN
B. CARPIO and JAMES MCGANN

                         Defendant(s)

---

## SUMMONS AND COMPLAINT

### SUBIN ASSOCIATES, L.L.P.
Attorneys for Plaintiff(s)
Office and Post Office Address, Telephone
150 Broadway, 23rd Floor
New York, NY 10038
Telephone (212) 285-3800

*WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION*

---

To:
Attorney(s) for
Service of a copy of the within is hereby admitted
Dated:,

                    ...................................................
                    Attorney(s) for

---

PLEASE TAKE NOTICE

☐        That the within is a (certified) true copy of an ORDER entered in the office
**NOTICE OF** of the clerk of the within named court on                    , 20____.
  **ENTRY**

☐        That an Order of which the within is a true copy will be presented for
**NOTICE OF** settle to the Hon.one of the judges of the within
**SETTLEMENT** named court,
                    at
                    on              , 20___ , at 10:00 a.m.
Dated:

                                                    SUBIN ASSOCIATES, L.L.P.
                                                    Attorneys for plaintiff(s)
                                                    150 Broadway, 23rd Floor
                                                    New York, NY 10038
          Attorney(s) for Defendant(s)                   (212) 285-3800