FILED
CLERK
5/6/2015 3:54 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARLES MILLER, JR.,

       Plaintiff,

  -against-

NASSAU COUNTY, et al.,

       Defendants.
------------------------------------------------------------X

ORDER
13-CV-6813 (SJF)(ARL)

FEUERSTEIN, District Judge:

Pending before the Court is the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated April 17, 2015 ("the Report"), *inter alia*, recommending that plaintiff's motion to amend the complaint to add six (6) individuals as defendants in this action be denied. A copy of the Report was served upon all parties via the Court's electronic case filing ("ECF") system on April 17, 2015. (Docket Entry ["DE"] 79). No party has filed any objections to the Report, nor sought an extension of time to do so. For the reasons stated herein, Magistrate Judge Lindsay's Report is accepted in its entirety.

I.    DISCUSSION

    A.    Standard of Review

Although generally, motions for leave to amend are considered to be nondispositive and subject to review under the "clearly erroneous or contrary to law" standard of Rule 72(a) of the Federal Rules of Civil Procedure, see Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("As a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent"),

1

where, as here, a magistrate judge's decision on a motion to amend effectively dismisses or precludes a claim, the motion to amend is rendered dispositive. See, e.g. Jean-Laurent v. Wilkerson, 461 F. App'x 18, 25 (2d Cir. Feb. 8, 2012). Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); accord Small v. Secretary of Health and Human Svcs., 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." Frank, 968 F.2d at 16; see also Smith v. Campbell, 782 F.3d 93, 102 (2d Cir. 2015); Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice.'" King v. City of N.Y., Dep't of Corr., 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)); see also DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting

2

party."  Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000); accord King, 419 F. App'x at 27.

    B    Review of Report

Although the Report does not specifically advise the parties of the consequences of their failure to object, they are all represented by counsel who are presumed to have knowledge of the procedural rules of this Court, including Rule 72(b)(2) of the Federal Rules of Civil Procedure. See, e.g. Green v. Elbert, 137 U.S. 615, 623, 11 S. Ct. 188, 34 L. Ed. 792 (1891) (finding that members of the bar are "bound to know the rules" of the Court); In re Emmons-Sheepshead Bay Dev. LLC, 518 B.R. 212, 218 n. 3 (E.D.N.Y. 2014) (finding that counsel "is expected * * * to know the procedural rules * * *."); Godson v. Eltman, Eltman & Cooper, P.C., 285 F.R.D. 255, 260 (W.D.N.Y. 2012) (finding that counsel's knowledge of the Federal Rules of Civil Procedure is presumed); Lyman v. City of Albany, 597 F. Supp. 2d 301, 308 (N.D.N.Y. 2009) (finding that counsel is presumed to be familiar with court rules and procedure).  Since no party has filed any objections to Magistrate Judge Lindsay's Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport."  Spence, 219 F.3d at 174.  Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice.  Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, plaintiff's motion to amend the complaint is denied.

II.      CONCLUSION

For the reasons set forth herein, Magistrate Judge Lindsay's Report is accepted in its entirety and, for the reasons set forth therein, plaintiff's motion to amend the complaint is denied.

SO ORDERED.

                                              /s/
                                   SANDRA J. FEUERSTEIN
                                   United States District Judge

Dated: May 6, 2015
       Central Islip, New York