FILED
CLERK
12/7/2015 5:30 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHARLES MILLER, JR.,

                Plaintiff,

  -against-

NASSAU COUNTY, NASSAU COUNTY
DEPARTMENT OF CORRECTIONS, "JOHN"
BLAEL, first name fictitious, intended being that
of correction officer, "JAMES" COWEN, first name
fictitious, intended being that of correction officer,
BRIAN E. ZIMMERMAN, BYRON K.
ROBERTSON, CHRISTOPHER J. INGRAM,
EDIN B. CAPRIO and JAMES MCGANN,

                Defendants.
----------------------------------------------------------------X

ORDER
13-CV-6813 (SJF)(ARL)

FEUERSTEIN, District Judge:

      Pending before the Court is a Report and Recommendation ("the Report") of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated October 22, 2015, recommending (1) that the motion of defendants Nassau County ("the County"); Nassau County Department of Corrections ("NCDOC"); "'John' Blael, first name fictitious, intended being that of correction officer" ("Blael"); "'James' Cowen, first name fictitious, intended being that of correction officer" ("Cowen"); Brian E. Zimmerman ("Zimmerman"), Byron K. Robertson ("Robertson"), Christopher J. Ingram ("Ingram"), Edin B. Caprio ("Caprio") and James McGann ("McGann") (collectively, "defendants") pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking summary judgment dismissing plaintiff's claims in this action be granted in part and denied in part; and (2) that plaintiff's claims be dismissed in their entirety except for his Eighth Amendment excessive force claim, assault and battery claims, and claim for punitive

1

damages against Zimmerman, in his personal capacity.  Although defendants timely filed objections to so much of the Report as recommends that their motion for summary judgment be denied in part, they subsequently withdrew those objections.[1]  Plaintiff has not filed any objections to the Report, nor sought an extension of time to do so.  For the reasons stated herein, the Report is accepted in its entirety.

I.     The Report

   A.     Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo.*  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed.  See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives [judicial] review of a decision in a magistrate judge's report and recommendation if the

---

[1] On November 2, 2015, plaintiff commenced a new lawsuit, Miller v. Campodonico, No. 15-cv-6279, against three (3) corrections officers, including "Officer Martin Zimmer," who were allegedly involved in an altercation with plaintiff on November 9, 2012.  By stipulation dated December 3, 2015, *inter alia*, plaintiff voluntarily dismissed his claims in this action against Zimmerman with prejudice.  Accordingly, so much of the Report as recommends that I deny the branches of defendants' motion seeking summary judgment dismissing plaintiff's Eighth Amendment excessive force claim, assault and battery claims, and claim for punitive damages against Zimmerman, in his personal capacity, is moot.

2

party fails to file timely objections designating the particular issue.") Specifically, where, as here, the parties "received clear notice of the consequences of the failure to object" to a report and recommendation, (see Report at 31), their "failure to object timely to [that] report waives any further judicial review of the report." Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); see also Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993).

"Although this rule applies equally to counseled and *pro se* litigants, it is 'a nonjurisdictional waiver provision whose violation [the Court] may excuse in the interests of justice.'" King v. City of New York, Dep't of Corr., 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (quoting Roldan, 984 F.2d at 89); see also DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000); accord King, 419 F. App'x at 27.

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Sentry Ins. A Mut. Co. v. Brand Mgmt., Inc., 295 F.R.D. 1, 2 (E.D.N.Y. 2013); North Shore-Long Island Jewish Health Care Sys., Inc. v. MultiPlan, Inc., 953 F. Supp. 2d 419, 424 (E.D.N.Y. 2013).

B. The Report

The Report provided the parties with the requisite "express warning" of the consequences

3

of a failure to timely file objections thereto, Caidor, 517 F.3d at 603, and although defendants initially filed objections to so much of the Report as recommends that their motion for summary judgment be denied in part, they subsequently withdrew those objections. Plaintiff has neither filed any objections to Magistrate Judge Lindsay's Report, nor sought an extension of time to do so. Accordingly, the parties have "waive[d] any further judicial review of the findings contained in the [R]eport." Spence, 219 F.3d at 174. As the Report is not plainly erroneous, the Court will not exercise its discretion to excuse the parties' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, the branches of defendants' motion pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking summary judgment dismissing plaintiff's (1) claims against the individual defendants in their official capacity; (2) claims against the NCDOC, the County, Blael, Cowen, Robertson, Ingram, Caprio and McGann in their entirety; (3) conspiracy claims; and (4) negligent and intentional infliction of emotional distress claims are granted and those claims are dismissed in their entirety with prejudice.[2]

III. Conclusion

For the reasons set forth herein, the Report is accepted in its entirety and, for the reasons set forth therein, the branches of defendants' motion pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking summary judgment dismissing plaintiff's (1) claims against the individual defendants in their official capacity; (2) claims against the NCDOC, the County, Blael,

---

[2] In light of this determination, and plaintiff's voluntary dismissal of the remaining claims in this action, defendants' application to stay expert discovery and to adjourn the trial is denied as moot.

Cowen, Robertson, Ingram, Caprio and McGann in their entirety; (3) conspiracy claims; and (4) negligent and intentional infliction of emotional distress claims are granted and those claims are dismissed in their entirety with prejudice. Since plaintiff has voluntarily dismissed his remaining claims in this action with prejudice, the Clerk of the Court shall enter judgment in favor of defendants and close this case.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: December 7, 2015
Central Islip, New York